UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                          Case No. 17-cr-57-pp

JOEL RIVERA,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. §3582(C)(1)(A) AND THE FIRST STEP ACT (DKT. NO. 169)**

On January 12, 2018, after a jury had convicted him of committing several Hobbs Act robberies, the court sentenced the defendant to serve thirty-six years in prison. Dkt. Nos. 111, 112. Specifically, the jury convicted the defendant on two counts of using, carrying or brandishing a firearm in violation of 18 U.S.C. §924(c) (Counts Eight and Ten); at that time, the law required the court to impose a consecutive mandatory minimum sentence of seven years on the first §924(c) count and a consecutive twenty-five-year mandatory minimum sentence on the second §924(c) count. Dkt. No. 111 at 9.

In December of 2018—not quite a year after the court sentenced the defendant—President Trump signed into law the First Step Act; Section 403 of that statute modified the language of §924(c) to say that the "second or subsequent" §924(c) conviction that would give rise to a twenty-five-year mandatory minimum had to occur after the first §924(c) charge had "become

1

final." In other words, two or more §924(c) convictions in the same case no longer triggered the mandatory minimum, consecutive, twenty-five-year sentence. Had the defendant been sentenced after December 2018, the court would not have been required to impose the mandatory minimum twenty-five-year sentence for the second §924(c) conviction.

The First Step Act, however, did not make this change retroactive to people who received "stacked" sentences before December 2018. But on November 1, 2023, the United States Sentencing Commission made several amendments to the U.S. Sentencing Guidelines. One of those amendments was to U.S.S.G. §1B1.13, the guideline that applies to sentence reductions under 18 U.S.C. §3582(c)(1)(A) (commonly called the "compassionate release" statute). The new amendment—§1B1.13(b)(6)— allows a court to consider granting someone compassionate release for an "Unusually Long Sentence." The guideline says:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. §1B1.13(b)(6).

On November 6, 2013, the defendant filed a motion for compassionate release under §3582(c)(1)(A). Dkt. No. 169. In the accompanying brief, he argues that if he had been sentenced in November 2023, instead of January

2

2018, he would not have received the twenty-five-year consecutive sentence for the second §924(c) conviction. Dkt. No. 170 at 3. He says that he has exhausted his remedies as required by §3582(c)(1) because he first asked the warden of his facility for compassionate release, and the warden did not respond within thirty days. Id. at 4. (The defendant attached his request to the warden to his motion. Dkt. No. 171. That request was dated July 28, 2023; at that time, the guidelines had not been amended to allow compassionate release for unusually long sentences.) He says that the First Step Act's change to §924(c) constitutes a change in the law that would justify a sentence reduction, and argues that given that change, it would be unjust to require him to serve the entire sentence the court imposed in January 2018. Id. at 8.

The defendant has not argued in his motion that U.S.S.G. §1B1.13(b)(6) authorized the court to reduce his sentence. Instead, he talks about application notes to the Guidelines and unwarranted sentencing disparities, and he cites cases from district courts in other districts (which are not binding on this court). Id. at 9-12. He argues that he now is more mature and responsible than he was when he committed the offenses and that he has tried hard to rehabilitate himself. Id. at 12-13.

The court believes that U.S.S.G. §1B1.13(b)(6), created November 1, 2023, gives it the authority to consider possibly reducing the defendant's sentence once he has served at least ten years. As of the date of this order, the defendant has served approximately seven years and seven and a half months of that sentence (from his incarceration date of January 1, 2017 through early

3

September 2024). His motion is premature. The court calculates that, as of January 21, 2027, the defendant will have served ten years of the thirty-six-year sentence that the court imposed. At that point, he will be eligible for the court to consider a sentence reduction under U.S.S.G. §1B1.13(b)(6). For that reason, the court will deny the defendant's motion, but will deny it *without prejudice*. That means that once he has served ten years of his sentence, he may bring the motion again.

In the meantime, the court encourages the defendant to continue making the best use possible of his time in custody. When he re-files his motion in 2027, he should provide the court with any certificates of any programming he has completed. Those will be helpful to the court in evaluating the motion.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion for reduction in sentence. Dkt. No. 169.

The court **ORDERS** that the defendant may file a new motion once he has served ten years of his sentence.

Dated in Milwaukee, Wisconsin this 5th day of September, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**